UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON D. MILLER,

    Plaintiff,

     v.                                                                      Case No. 23-CV-116-SCD

MARTIN J. O'MALLEY,
  *Commissioner of the Social Security Administration,*

    Defendant.

## ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION TO AMEND JUDGMENT

Jason Miller sought social security disability benefits based on pain, fatigue, and mental limitations stemming from an ATV accident. Relying on testimony from a vocational expert, an administrative law judge denied the claim for benefits, finding that Miller could still perform certain jobs that existed in significant numbers in the national economy. Miller sought judicial review of that decision, challenging only the ALJ's reliance on the vocational expert's testimony. I affirmed the ALJ's decision, and the clerk's office entered judgment accordingly. Miller now seeks to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

"Rule 59(e) motions offer district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698

F.3d 587, 598 (7th Cir. 2012)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Thus, relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (citing *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

The vocational expert here explained that his job number estimates were rooted in a software system called Job Browser Pro. In challenging the ALJ's step-five finding, Miller presented his own job number estimates from that software program, which deviated significantly from the numbers the vocational expert provided. Miller argued that the vocational expert failed to explain how his methodology accounted for that significant departure. I rejected that argument, finding that "the vocational expert didn't rely solely on the Job Browser Pro estimates, and he sufficiently explained why he deviated from those numbers." ECF No. 29 at 8. In other words, Miller did not replicate the vocational expert's methodology. I also noted that "Miller . . . did not point out [the] allegedly discrepancy in his pre-hearing brief, at the administrative hearing, or in the brief he submitted to the Appeals Council." *Id.*

Miller insists that last sentence should be removed from the court's decision or modified because it is inconsistent with Seventh Circuit precedent. He identifies three purported inconsistencies. First, Miller says that he couldn't have identified the job number discrepancy prior to the administrative hearing because at that time he didn't know the substance of the vocational expert's testimony. Second, Miller asserts that the objection his

2

lawyer made at the hearing sufficiently preserved his challenge to the vocational expert's testimony. Finally, according to Miller, the court failed to acknowledge that claimants can raise objections and present rebuttal evidence in a post-hearing brief. Miller worries that the court's language demands too much of claimants at the administrative level and may be exploited by the Commissioner to further expand the application of forfeiture in social security proceedings.

Miller's motion suffers from one glaring problem—the court never found that he forfeited his challenge to the vocational expert's testimony. *See* ECF No. 34 (Miller acknowledging that "[t]he court did not find that [he] forfeited the issue"). Rather, the court addressed the merits of that argument, finding that the vocational expert based his methodology on well-accepted sources and cogently and thoroughly explained his methodology. *See* ECF No. 29 at 5–7. Miller does not take issue with those findings. Although perhaps unclear, the point the court was trying to make was that Miller had failed to develop the factual support for his job-number-deviation argument at the administrative level. Without such support, the court had no basis to find that the ALJ erred. That finding is consistent with circuit precedent. *See DuCharme v. Kijakazi*, No. 21-2204, 2022 WL 3287974, 2022 U.S. App. LEXIS 22297, *10–12 (7th Cir. Aug. 11, 2022) (declining to address a factual matter on appeal that the claimant failed to develop at the administrative level).

Because Miller has failed to establish that the court committed a manifest error of law or fact in affirming the ALJ's decision or to present any newly discovered evidence that would have precluded entry of judgment, I **DENY** his Rule 59(e) motion to amend judgment, ECF No. 31.

3

**SO ORDERED** this 3rd day of May, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge